# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

**MARCUS WRIGHT,**
**3401 13TH STREET**
**SE WASHINGTON DC 20032,**

   **Plaintiff,**      **CIVIL ACTION NO.:**

 **v.**

             **JURY TRIAL DEMANDED**

**ENHANCED RECOVERY**
**COMPANY, LLC.**
**8014 Bayberry Road**
**Jacksonville FL 32256,**

   **Defendant.**

## <u>COMPLAINT</u>

 MARCUS WRIGHT ("Plaintiff"), by and through his attorneys, Kimmel & Silverman, P.C., alleges the following against ENHANCED RECOVERY COMPANY, LLC. ("Defendant"):

## INTRODUCTION

 1. Plaintiff's Complaint is based on Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §227.

- 1 -

**JURISDICTION AND VENUE**

2.      This Court's jurisdiction arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this Court original jurisdiction of all civil actions arising under the laws of the United States.  See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.      Defendant regularly conducts business in the State of New Jersey therefore personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5.      Plaintiff is a natural person residing in Washington, D.C.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.      In the alternative, Plaintiff is a person granted a cause of action under the FDCPA, See §1692 (k)(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8.      Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

9.      Defendant is a corporation with its principal place of business located at 8014 Bayberry Road, Jacksonville, Florida 32256.

10.     Upon information and belief, Defendant is a corporation that provides call center, collections and debt purchase services to companies in the United States.

11.     At all times material hereto, Defendant acted as a "debt collector[s]" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

12.     Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

13.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14.     Upon information and belief, at all times material hereto, Defendant contacted Plaintiff in an attempt to collect a consumer debt.

15.     Beginning in or around mid-November 2015 and continuing thereafter, Defendant began placing repeated telephone calls to Plaintiff's cellular telephone in its attempts to collect an alleged debt owed by two third party, James White.

16.     Defendant's collectors called Plaintiff from telephone numbers including, but not limited to, (800) 214-5210. The undersigned has confirmed that this number belongs to Defendant.

17.     During this time, Defendant used an automated telephone dialing system and/or pre-recorded voice to place calls to Plaintiff.

18.     Plaintiff knew Defendant was using an automated telephone dialing system and/or pre-recorded voice as calls from Defendant would begin with a pre-recorded message before he would be transferred to a live caller.

19.     Desiring the calls to stop, in mid to late November 2015, Plaintiff utilized Defendant's automated process to remove his telephone number by pressing 2 when prompted.

20.     However, the calls did not stop continued thereafter,

21.     Once Defendant knew its calls were unwanted any further calls could only have been for the purpose of harassment.

22.     Defendant's calls were not for emergency purposes.

23.     Frustrated by Defendant's repeated calls, Plaintiff took action to block Defendant's number so that the calls would cease.

24.     Defendant's actions as described herein were taken with the intent to harass, abuse, and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE FDCPA

25.     A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

26.     A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

27.     Defendant violated §§ 1692d and 1692d(5) when it placed repeated and continuous harassing telephone calls to Plaintiff and failed to stop calling when Plaintiff requested that calls stop because Defendant was calling the wrong party.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER
## PROTECTION ACT

28.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

29.     Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

30.     Defendant's calls to Plaintiff were not made for emergency purposes.

31.     Defendant's calls to Plaintiff, on and after mid to late November 2015, were not made with Plaintiff's prior express consent.

32.   Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

33.   The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

34.   As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, MARCUS WRIGHT, respectfully prays for judgment as follows:

a.   All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

d.   Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

e.   Statutory damages of up to $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C),

which permits the Court in its discretion to award such damages if it finds that Defendants willfully or knowingly violated the TCPA; and

f.   Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff MARCUS WRIGHT, demands a jury trial in this case.


Respectfully submitted,


Dated: November 23, 2016          /s/ Amy L. Bennecoff Ginsburg
                                  Amy L. Bennecoff Ginsburg
                                  Kimmel & Silverman, P.C.
                                  30 East Butler Pike
                                  Ambler, Pennsylvania 19002
                                  Phone: (215) 540-8888
                                  Facsimile: (877) 788-2864
                                  Email: aginsburg@creditlaw.com